UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KELLI JACK-KELLY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANDERSON,<br>CITY OF ANDERSON POLICE DEPARTMENT,<br>MITCHELL CARROLL,<br><br>Defendants. | ) | No. 1:20-cv-02998-DLP-JRS |

**ORDER**

This matter comes before the Court on the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. [38]. For the reasons that follow, the Defendants' Motion is **GRANTED**.

## I. Background

On November 16, 2020, Kelli Jack-Kelly, Chris A. Kelly, and G. Richard Jack, proceeding *pro se*, initiated this action against the State of Indiana, the Indiana Attorney General's Office, Unnamed Employees of the Indiana Attorney General's Office, the City of Anderson, the City of Anderson Police Department, Officer Mitchell Carroll, and the Indianapolis Metropolitan Police Department asserting claims for violation of the Fourteenth Amendment under 42 U.S.C. § 1983 as well as Indiana state law claims for malicious prosecution and *respondeat superior*. (Dkt. 1).[1] Summonses were issued that same day, (Dkt. 2); however, after no action was

[1] The November 16, 2020 Complaint will be hereinafter referred to as the "Original Complaint."

taken by the *pro se* plaintiffs to advance the case, the Court issued a Show Cause Order to address why the action should not be dismissed for failure to prosecute. (Dkt. 5). The Court ultimately discharged the Show Cause Order after the *pro se* plaintiffs retained counsel. (Dkts. 8, 10, 11).

In compliance with Rule 41 of the Federal Rules of Civil Procedure, on December 9, 2021, the Plaintiff filed a notice requesting that the State of Indiana, the Indiana Attorney General's Office, Unnamed Employees of the Indiana Attorney General's Office individually and in their official capacity, and the Indianapolis Metropolitan Police Department be dismissed as defendants in this action. (Dkt. 12). On December 14, 2021, the Court granted this request dismissing without prejudice these defendants. (Dkt. 20). Thereafter, on February 4, 2022, the remaining defendants, City of Anderson, City of Anderson Police Department, and Mitchell Carroll, moved to dismiss this case. (Dkts. 28, 29). The motion was denied as moot following the filing of the Amended Complaint. (Dkt. 42). In the Amended Complaint, Kelli Jack-Kelly, the only remaining Plaintiff, asserts three counts, including: (1) two claims under Section 1983 for malicious prosecution[2] and fabrication of evidence under the Due Process Clause of the Fourteenth

[2] "In Indiana, state officers and employees acting within the scope of their employment for the initiation of a judicial or an administrative proceeding are granted absolute immunity, thus opening the door for federal malicious prosecution claims." *Owens v. Downey*, 150 F. Supp. 3d 1008, 1017 (S.D. Ind. 2015) (internal quotations omitted). To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) she has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) she was deprived of liberty or was subject to some other constitutional deprivation. *Id. See also Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 899 n.9 (7th Cir. 2001) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117-18 (2d Cir. 1995)); *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

Amendment; (2) an Indiana state claim of malicious prosecution[3] as to Mitchell Carroll; and (3) a *respondeat superior* claim as to the City of Anderson and the City of Anderson Police Department under Indiana law. (Dkt. 36 at 5-7).[4]

On March 17, 2022, the Defendants filed the present motion to dismiss. (Dkts. 38, 39). Plaintiff filed her response on May 25, 2022, and the Defendants filed their reply on June 2, 2022. (Dkts. 54, 63).

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (2008). The Court, however, is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). The Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, a Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth enough facts to "state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).

---

[3] "Under Indiana law, the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Owens*, 150 F. Supp. 3d at 1017 (citing *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014)).

[4] The City of Anderson, City of Anderson Police Department, and Mitchell Carroll are listed as the only defendants. (Dkt. 36).

## III. Discussion

In their motion to dismiss, the Defendants assert that Plaintiff's federal and state law claims are barred by the statute of limitations. [5] (Dkt. 39 at 4-8). They additionally argue that because the Plaintiff's malicious prosecution claims are time-barred, the Court must also dismiss Ms. Jack-Kelly's vicarious liability claim against the City. (Id. at 9).

### A. *Section 1983 Claims*

Because the statute of limitations is an affirmative defense and "complaints need not anticipate and attempt to plead around defenses," *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004), a Rule 12(b)(6) dismissal on limitations ground is appropriate only when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Casimir v. City of Chicago*, No. 15 C 3771, 2018 WL 1695362, at *3 (N.D. Ill. Apr. 6, 2018) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005))). The Seventh Circuit has held that it is appropriate to consider the statute of limitations when the relevant dates are "set forth unambiguously" in the complaint. *Brooks*, 578 F.3d at 579.

"Causes of actions under 42 U.S.C. § 1983 are subject to Indiana's two-year statute of limitations." *Kunkle v. Holcomb*, No. 3:21-CV-755-RLM-MGG, 2022 WL

---

[5] The Defendants also contend that malicious prosecution claims are not cognizable under Section 1983 – preserving the issue for appeal so that the Seventh Circuit may reconsider its ruling in *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013) in light of Justice Alito's dissent in *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 926-26 (2017). (Dkt. 39 at 4); *see also Camm v. Clemons*, 546 F. Supp. 3d 771, 775 (S.D. Ind. 2021). Because the Court finds that this case must be dismissed on statute of limitations grounds, the Court does not address this issue.

1001386, at *1 (N.D. Ind. April 4, 2022) (citing *Snodderly*, 239 F.3d at 894).[6] Thus, Ms. Jack-Kelly's § 1983 claims will survive if she filed suit within two years of the date on which her claims accrued. Accrual marks the date on which the statute of limitations begins to run. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990).

The parties appear to agree that Ms. Jack-Kelly's § 1983 claims accrued when the underlying criminal proceedings terminated in her favor. (Dkt. 36 at 4; 39 at 5; Dkt. 54 at 2; Dkt. 63 at 2). The parties are unable, however, to agree on when this event occurred. The Amended Complaint also fails,[7] as the Defendants recognize, to identify relevant dates, including when Ms. Jack-Kelly's criminal matter terminated. (Dkt. 36 at 4; Dkt. 39 at 3). The parties have asked the Court to take judicial notice of various state criminal and appellate court dockets to glean this information. (Dkts. 39 at 5; 54 at 2-3; 54-1; 54-2; 63; 63-1; 63-2).

Generally, if the parties attach evidence outside the pleadings in a Rule 12(b)(6) motion to dismiss, the Court must convert that 12(b)(6) motion to one for summary judgment. *Crawford v. United States*, 796 F.2d 924, 927 (7th Cir. 1986); Fed. R. Civ. P. 12(d). The Court may, however, take judicial notice of matters of public record without converting the Rule 12(b)(6) motion for failure to state a claim

[6] *See also Julian v. Hanna*, 732 F.3d 842, 844–45 (7th Cir. 2013) (the applicable statute of limitations for malicious prosecution claims brought under 42 U.S.C. § 1983 is two years); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (Section § 1983 does not contain an express statute of limitations and to determine the limitations period federal courts look to the forum state's statute of limitations for personal injury claims to determine the length of the limitations period; *see also Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019); *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted).

[7] In the Amended Complaint, Ms. Jack-Kelly represents that she "successfully defended against the criminal charges and the criminal charges were terminated in her favor." (Dkt. 36 at 4). The Plaintiff did not, however, provide a date for when the criminal charges were terminated.

into a motion for summary judgment. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (a Rule 12(b)(6) motion can rest on critical documents, central to the claim and referred to in the complaint); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (a district court may take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment); Fed. R. Evid. 201(b) (noting that a court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.). Therefore, the Court will grant the Defendants' request and take judicial notice of the state court public records applicable to this case. *Gen. Elec. Cap. Corp.*, 128 F.3d at 1081. In addition, the Court will consider these documents without converting the present motion into one for summary judgment.

Here, the Defendants maintain that, when considering the facts outlined in the Amended Complaint and the public record, the statute of limitations clearly began running on Ms. Jack-Kelly's § 1983 claims when the Indiana Court of Appeals dismissed the State's appeal with prejudice. (Dkt. 63 at 3; Dkt. 63-1 at 2). In their motion to dismiss, the Defendants first noted that the Plaintiff's criminal charges were dismissed by the Madison County Circuit Court 5 on February 23, 2018. (Dkt. 39 at 5). On March 26, 2018, the State of Indiana filed a notice of appeal. (Dkt. 63 at 1-2; 63-1 at 1). In their reply brief, the Defendants recognize this

action, and note that the Indiana Court of Appeals dismissed the State's appeal with prejudice on July 11, 2018. (Dkt. 63 at 1-3; Dkt. 63-1 at 2). Because Ms. Jack-Kelly filed her Original Complaint on November 16, 2020, well beyond the two-year period for bringing her claims, the Defendants contend that this case is time-barred[8] and must be dismissed with prejudice. (Dkt. 39 at 5; Dkt. 63 at 2).

In response, the Plaintiff maintains that she is unsure the exact date of when her criminal charges were terminated in her favor, however, her claims accrued, at the earliest, on November 19, 2018, when the state trial court reinstated her criminal charges. (Dkt. 54 at 3). According to the Plaintiff, on November 14, 2018, the Indiana Court of Appeals purportedly granted a State's motion to remove and remand Ms. Jack-Kelly's case back to Madison County (Indiana) Circuit Court 5 reinstating her criminal charges. (Dkt. 54 at 2-3; Dkt. 54-1 at 2). The State's motion to remove and remand, however, is not reflected on the state court's trial or appellate docket. (Dkts. 54-2; 63-1 at 2; 63-2 at 13). The appellate court allegedly notified Ms. Jack-Kelly of this Order in an undated letter from the Clerk of the Indiana Supreme Court. (Dkt. 54-1 at 1). To support her argument, Ms. Jack-Kelly also provides an uncertified copy of the trial court docket that purports to reinstate Plaintiff's criminal charges on November 19, 2018. (Dkt. 54 at 3; Dkt. 54-2 at 1). Relying on the November 19, 2018 as the date her criminal charges terminated in her favor, the Plaintiff contends that her Original Complaint, which was filed on

[8] While the Defendants argue the Court should use the date the Indiana Court of Appeals dismissed the appeal to determine the date Ms. Jack-Kelly's claims accured, they have incorrectly identified this dismissal date as July 12, 2018. From the public record, the Court has determined that the Indiana Court of Appeals dismissed the State's appeal on July 11, 2018. (Dkt. 63 at 3-4; 63-1 at 2; 63-2 at 13).

November 16, 2020 in this Indiana federal court, is not time-barred by the two-year statute of limitations. (Dkt. 54 at 3).[9]

A potential § 1983 plaintiff cannot file suit for malicious prosecution or fabricated evidence claims until the prosecution is terminated in the plaintiff's favor, *McDonough v. Smith*, 139 S.Ct. 2149, 2156-57, 2160-61 (2019); *Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (the § 1983 claims could not proceed until the criminal proceeding ended in the defendant's favor or the resulting conviction was invalidated within the meaning of *Heck*). First, the Court notes that the Chronological Case Summary for the Indiana Court of Appeals demonstrates that the State of Indiana's criminal appeal of Ms. Jack-Kelly's criminal case was dismissed with prejudice on July 11, 2018. (Dkt. 63-1 at 2). This same record fails to support the notion that Ms. Jack-Kelly's case was later reinstated and remanded to the trial court on November 14, 2018. Although Ms. Jack-Kelly argues the criminal action was reinvigorated by this November 2018 Order, counsel for Plaintiff recognizes that this alleged Order does not appear on the docket nor was counsel able to provide a certified copy to the Court.

From the Court's examination of the certified state appellate docket Mrs. Jack-Kelly's criminal case was resolved in her favor on July 11, 2018, when the case was dismissed by the Indiana Court of Appeals. (Dkt. 63-1 at 2). In accordance with Indiana Trial Rule 77, the Madison County Circuit Court, made a Record of

[9] In the response to the motion to dismiss, Plaintiff's counsel recognizes that neither the State's alleged motion to remand nor the purported November 14, 2018 Order reinstating criminal charges currently appear on the certified docket. (Dkt. 54 at 3). Relying on an uncertified docket, however, provided by her client, counsel argues that these legal documents appeared at the time. (Dkt. 54 at 3; 54-1 at 2; 54-2).

Judgment and Order Entry of the appellate court's decision on July 12, 2018. (Dkt. 63 at 2-3; Dkt. 63-1 at 2; 63-2 at 13). Thus, Ms. Jack-Kelly's criminal prosecution terminated in her favor on July 11, 2018, when the Indiana Court of Appeals granted the State of Indiana's Verified Motion for Voluntary Dismissal. (Dkt. 63-1 at 2; Dkt. 63-2 at 13). The Court finds the statute of limitations on Plaintiff's Section 1983 claims began to run on July 11, 2018, and thus Ms. Jack-Kelly needed to have filed her Original Complaint by July 11, 2020, unless the limitations period was tolled.

Equitable estoppel, sometimes known as fraudulent concealment, "suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing." *Cancer Found. Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 676 (7th Cir. 2009). In one conclusory statement, Plaintiff appears to contend that the Defendants should be equitably estopped from raising the Amended Complaint's timeliness as a defense because she diligently pursued her case against Officer Carroll once she learned that he was the source of the fabricated evidence in her criminal matter. (Dkt. 54 at 1). Recognizing Ms. Jack-Kelly does not develop this argument in her briefing, the Court finds some of her factual characterizations in the Amended Complaint imply such an argument. Because Ms. Jack-Kelly failed to develop this argument, provide any legal citations, or construct any substantive response, the Court deems this argument perfunctory, and thus waived. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599,

607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

B. *State Law Claims*

The Defendants also contend that Plaintiff's state law malicious prosecution claim and the *respondeat superior* claim based on malicious prosecution also fail because they were brought outside the statute of limitations. (Dkt. 39 at 8-9). In response, Plaintiff merely states "Counts II and III should stand as well, since [Plaintiff] diligently pursued her case and her Complaint was timely filed." (Dkt. 54 at 4). The Court has no duty to research and construct legal arguments available to counsel. *Tyler v. Runyon*, 70 F,3d 458, 466 (7th Cir. 1995) ("This argument is raised in a short conclusory paragraph which contains no substantive argument, legal citations, or references in the record. This court has no duty to research and construct legal arguments available to a party, especially when he is represented by counsel.") (internal quotations omitted). Because Ms. Jack-Kelly's one sentence statement lacks any developed arguments, legal citations, or references to the record, the Court also finds this argument waived.

## IV. Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. [38], is **GRANTED**.

So ORDERED.

Date: 10/28/2022

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email